Ted M. Brindle, OSB #851627
Email: tmb@bmllaw.net
Cary C. Novotny, OSB #953688
Email: ccn@bmllaw.net
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825
Facsimile: 503-228-7924
Attorneys for Plaintiffs Carson Smith,
and SMITHONLY Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CARSON SMITH, an individual, and
SMITHONLY CORPORATION,

          Plaintiffs,

        v.

DENNIS HEALY, HOLLY HEALY, as
individuals, SKY CORPORATION, LTD., an
unincorporated business entity, RKD
PREMIUM PRODUCTS, AN OREGON
CORPORATION, KENNETH TANG, an
individual, and K'S PREMIUM PRODUCTS
COMPANY, an unincorporated business
entity,

          Defendants.

Civil No.: 10-CV-72-BR

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION
TO REMAND TO STATE COURT**

Request for Oral Argument

/// /// ///

/// /// ///

**1 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
TO STATE COURT**

# I.

## APPLICABLE FEDERAL STATUTES AND RULE

United States Code §1447 entitled, "Procedure After Removal Generally," provides in

pertinent part:

> (c)  A motion to remand a case on the basis of any defect other than
> lack of subject matter jurisdiction must be made within 30 days after
> the filing of the notice of removal under section 1446(a).  If at any
> time before final judgment it appears that the district court lacks
> subject matter jurisdiction of the jurisdiction, the case shall be
> remanded.  An order remanding the case may require payment of just
> costs and any actual expenses, including attorney's fees, incurred as
> the result of the removal.  A certified copy of the order of remand shall
> be mailed by the clerk to the clerk of the State court.  The State court
> may thereupon proceed with such case.

28 U.S.C. §1447(c) (2009).

Where there is any doubt concerning the jurisdiction of the federal court on removal, the

case should be remanded.  Woods v. Firestone, 560 F. Supp. 588 (S.D. Fla. 1983).  Jurisdiction

should be retained only where jurisdiction is clear. *Id.* The federal district court must remand to

the state court any case that was removed improvidently or without necessary jurisdiction.

Glaziers, Glassworkers, Inc. v. Florida Glass & Mirror, 409 F. Supp. 225, 226 (M.D. Fla. 1996).

# II.

## LEGAL ARGUMENT

Paragraph 4 of Defendants' Notice of Removal alleges as a the sole basis for removal the

fact the Plaintiff's Complaint raises federal questions that are subject to federal court subject-

matter jurisdiction.  In subsection a) of paragraph 4, in the Notice of Removal, Defendants claim

that Plaintiffs' claim for breach of implied-in-fact contract is preempted by federal patent law

**2 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

pursuant to 28 U.S.C. §1338(a). In subsection b) of paragraph 4, Defendants' claim that Plaintiffs' claim for misappropriation of trade secrets is preempted by federal patent law because the disclosure of a trade secret in a patent places the secret into the public domain. As will be discussed below, neither argument supports Defendants' contention that Plaintiff's Complaint raises federal questions.

    1.    <u>Plaintiffs' Claim of Breach of Implied-In-Fact Contract Is Not Preempted By Federal Patent Law</u>.

Defendants are correct that Plaintiffs' claim for breach of implied-in-fact contract concerns Defendants' purported misuse and taking of an invention that is the subject of a pending patent application. However, Defendants' further contention that Plaintiffs' invention is subject to federal patent law is incorrect.

Plaintiff's have plead a breach of contract claim, not a patent infringement claim. The fact that the breach of contract claim concerns the unauthorized use by defendants of Plaintiffs' invention for Defendants' own benefit in breach of the implied contract between the parties does not equate to Plaintiff's suing for patent infringement. In fact, Plaintiffs can not bring a patent infringement claim because Plaintiffs' have not been issued a patent for its invention, and inventions for which a patent application is applied for, but not yet granted, receive absolutely zero protection under federal patent law. The invention would only receive federal patent law protection once the patent has been issued.

Defendants cite a number of cases that do not in any way support their theory that Plaintiffs' breach of contract claim is preempted by federal patent law but do in fact stand for the proposition that states can not offer patent-like protection for ideas the states deem unprotected

**3 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

under federal patent law.  For example, <u>Bonito Boats, Inc. v.Thunder Craft Boats, Inc.</u>, 489 U.S. 141, 156, 109 S.Ct. 971 (1989), concerned a Florida statute which the court deemed to be preempted by federal patent law because it sought to prohibit the use of a manufacturing process to duplicate unpatented boat hulls.   There is no connection between this holding and the attempt by Plaintiff's to prevent Defendants' from the unauthorized sale of Plaintiffs' property through of a breach of contract claim. Plaintiff's are not invoking any state law to base a claim for protecting their intellectual property.

Furthermore, Defendants' cite to <u>G.S. Rasmussen & Assoc., Inc v. Kalitta Flying Service, Inc.</u>, 958 F.2d 896, 904-05 (9th Cir. 1992) which merely mimics the *Bonito Boats* holding, but, more relevantly to this case, upholds a plaintiff's conversion and unjust enrichment claims based on the defendants' use of plaintiff's original and unique design of an aircraft which could meet Federal Aviation Act standards and achieve and higher cargo handling capacity. Thus, in *G.S. Rasmussen*, even though plaintiff was attempting to protect intellectual property, which fell more closely into the patent law category as opposed to copyright or trademark intellectual property categories, the court found no federal patent law preemption of plaintiff's common law claims for unjust enrichment and conversion.  *G.S. Rasmussen* also quoted another case, <u>Aronsin v. Quuick Point Pencil Co.</u>, 440 U.S. 257, 99 S.Ct. 1096 (1979), which found no federal patent law preemption of a state law enforcing a royalty agreement for an unpatented invention. *Aronsin* is quite on point to the present case. In *Aronsin*, and in this case, the plaintiffs' lawsuit were brought to enforce royalty payments due to plaintiffs' for defendants' use of plaintiffs' unpatentable inventions.  In *Aronsin*, the payments were due by creation of state law, and in the present case the royalty payments were due by creation of a private verbal contract.  Likewise,

**4 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

according to *Aronsin*, there should be no federal patent law preemption of Plaintiffs' breach of contract claim brought to protect Plaintiffs' currently unpatentable invention.

      2.      <u>Plaintiffs' Claim For Misappropriation Of Trade Secret Is Not Preempted By Federal Patent Law</u>.

Defendants' cite two cases to support its contention that Plaintiffs' filing of a patent application is equivalent to disclosing its trade secrets to the public and therefore extinguishes Plaintiffs' claim for misappropriation of trade secrets. While it is true that <u>Rototron Corp. V. Lake Shore Burial Vault Co.</u>, 712 F.2d 1214, 1215 (7th Cir. 1983) held that "disclosure of a trade secret in a patent places the information comprising the secret into the public domain," as Defendants must certainly know, the court found disclosure of trade secrets due to the *grant* of a patent, not to the *application for* a patent as Defendants are incorrectly stating. In <u>Stutz Motor Car of America, Inc. v. Reebok Int'l, Ltd.</u>, 909 F.Supp. 1353, 1359 (C.D. Cal. 1995), aff'd 113 F.3d 1258 (9th Cir. 1997), the other case that Defendants rely on, a federal district court also found that the plaintiff's trade secret claims were extinguished only after the issuance of a patent, not at the time that plaintiff applied for a patent. The court spelled this distinction out very clearly:

> Thus, as plaintiff's trade secret was extinguished in September 1986 with the issuance of the '099 Patent, Reebok could only be liable on plaintiff's trade secret claims for products incorporating the trade secret that were sold bu defendant prior to the issuance date of the patent.
>
> *Stutz* at 1360. Furthermore, *Stutz* quotes even more cases upholding a plaintiff's right to

bring trade secrets tort claims for actions that took place during the time interval between a defendant's application for a patent and the date of issuance of the patent. *See* <u>Timely Prods.</u>

**5 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Corp. v. Arron, 523 F.2d 288, 304 (2d Cir. 1975) and Trenton Indus. v. A.E. Peterson Mfg. Co.,

165 F. Supp. 523, 533 (D.Cal. 1958). Defendants' assertion that *Stutz* and *Rototron* provide

authority to bar Plaintiffs' claims for misappropriation of trade secrets due to the fact that

Plaintiff has applied for, but has not yet been granted a patent is a complete mischaracterization

of the holdings of these cases. Plaintiffs' claim for misappropriation of trade secrets is thus not

preempted and extinguished by federal patent law.

### Summary

28 U.S.C. §1447(c) makes it clear that if at any time before a final judgment it appears

that the district court lacks subject matter jurisdiction, then the case should be remanded back to

state court. In this case, Defendants have not proved their case that by Plaintiffs' claims for

breach of contract and misappropriation of trade secrets, are barred by federal patent law, nor has

Defendants alleged any other basis for federal subject matter jurisdiction. Thus, because there is

no federal subject matter or diversity jurisdiction in this case, Plaintiffs' case should be remanded

back to the Multnomah County Circuit Court of the State of Oregon.

### IV.

### ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

Plaintiffs have incurred attorneys' fees and costs in conjunction with the preparation of this

Motion for Remand. 28 U.S.C. §1447(c), as amended in 1998, provides in relevant part that "[a]n

order remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." Thus, Plaintiffs hereby asks the Court to award

their reasonable costs and attorney fees incurred in responding to Defendants' removal of this case.

///

**6 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

## V.

## <u>CONCLUSION</u>

The burden of establishing federal jurisdiction rests upon the party seeking removal. This Court lacks jurisdiction because Defendants have failed to meet their burden in proving that the jurisdictional threshold has been met for federal jurisdiction. Therefore, this case should be remanded back to the Multnomah County Circuit Court of the State of Oregon.

Cary Novotny, Oregon State Bar # 953688
Of Attorneys for Plaintiffs

**7 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 13, 2010, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael M Ratoza,
Attorney for Defendants DENNIS HEALY, HOLLY HEALY, SKY CORPORATION,
LTD., and RKD PREMIUM PRODUCTS
Bullivant Houser Bailey PC
Of Attorneys for Defendants
888 SW 5th Ave., Ste. 300
Portland, OR 97204


DATED this 13th day of April 2010.

Cary C. Novotny, OSB #952688
Email: ccn@bmllaw.net
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street, Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825
Facsimile: 503-228-7924
Of Attorneys for Plaintiffs Carson Smith
and SMITHONLY Corporation


**8 – MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
TO STATE COURT**