Ted M. Brindle, OSB #851627
Email: tmb@bmllaw.net
Cary C. Novotny, OSB #953688
Email: ccn@bmllaw.net
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825
Facsimile: 503-228-7924
Attorneys for Plaintiffs Carson Smith,
and SMITHONLY Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CARSON SMITH, an individual, and SMITHONLY CORPORATION,<br><br>     Plaintiffs,<br><br>     v.<br><br>DENNIS HEALY, HOLLY HEALY, as individuals, SKY CORPORATION, LTD., an unincorporated business entity, RKD PREMIUM PRODUCTS, AN OREGON CORPORATION, KENNETH TANG, an individual, and K'S PREMIUM PRODUCTS COMPANY, an unincorporated business entity,<br><br>     Defendants. | Civil No.: 10-CV-72-BR<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** |

**INTRODUCTION**

Plaintiffs, by and through their undersigned attorney, hereby reply to Defendants'

1 – PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO AMEND COMPLAINT

Response to Plaintiffs' Motion to Amended Complaint.  Defendants in their Response claim not oppose Plaintiffs' dropping of two of Plaintiffs' four claims from the first amended complaint, but oppose all further amendments proposed by Plaintiffs' in their proposed Second Amended Complaint.

In Plaintiffs' Motion to Amend, Plaintiffs have proposed a list of 15 changes to the First Amended Complaint, the application of which will result in Plaintiffs' proposed Second Amended Complaint.  Numbers 2, 10, 11, and 13 are all proposed in conjunction with Plaintiffs' proposal to eliminate the Oregon Trade Secrets Act Claims, which are the second and third claims in Plaintiffs' First Amended Complaint.  Item number 3 is proposed as simply eliminating a redundant and unnecessary restatement of facts already stated in the complaint.  Numbers 4, 9, and 12 are simple clerical changes due to the elimination of and renumbering of Plaintiffs' claims proposed in the Second Amended Complaint.  Plaintiffs' assume that by Defendants' statement on page 2 of their Response that Defendants "do not take issue with Plaintiffs' withdrawal of their [Oregon Trade Secrets Act Claims]" that they do no not object to the proposed changes in numbers 2, 10, 11, and 13.  Thus, Plaintiffs' further assume that Defendants' are not objecting to the amendments proposed in numbers 3, 4, 9, 12 as clerical changes and changes that are related to the elimination of Plaintiffs' claims.  Thus, Plaintiff will assume that Defendants are objecting to the changes in numbers 1, 5, 6, 7, 8, 14, and 15.  Plaintiffs' will next analyze Defendants' bases of objection in the order raised By Defendants' in their Response and as they pertain to the Plaintiffs' proposed changes in item numbers 1, 5, 6, 7, 8, 14, and 15.

/// /// ///

2 – PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO AMEND COMPLAINT

BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825

## LEGAL ARGUMENT

### A.    Plaintiffs' Proposed Amendment is Not Futile

As Defendants cite in their Response, an amendment is futile under *Miller v. Ryko-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Defendants then cite their own briefings in the concurrent summary judgment and remand motions in concluding that Defendants have already proven that Plaintiffs' claims are preempted by federal patent law.  Plaintiffs hereby cite to and incorporate the arguments made in Plaintiffs' Response to Defendants' Motion for Summary Judgment, Memorandum in Support of Plaintiffs' Motion to Remand to State Court, and Plaintiffs' Reply to Defendants' Response to Plaintiff's Motion to Remand to State Court to refute Defendants' claim that all of Plaintiffs' claims are preempted by patent law.  Thus, it is Plaintiffs' position that they have already alleged facts in their First Amended Complaint that would constitute valid and sufficient claims.  However, Plaintiffs have proposed further amendments to drop two claims in order to simplify this case, which Defendants do not oppose in their Response to this Motion to Amend, to add a claim, and two change some language in the breach of contract claim in order to clarify Plaintiff's claim further.

Assuming that Plaintiffs have already alleged facts sufficient to constitute valid and sufficient claims, as Plaintiff's have proved in their briefing cited above, then Plaintiff's amendments themselves must not change Plaintiffs' claims which will result in there being no set of facts in the pleading that would constitute a valid and sufficient claim or defense.  Based on the above discussion, the following is a discussion of each amendment proposed in Plaintiffs' Motion to Amend which Plaintiffs assume Defendant is objecting to:

3 – PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825

> 1. *In paragraph 4, removing the language "distribution of the inventions" and replacing it with "later marketing and selling of copies of the inventions to distributors."*

This language is being proposed as a mere clarification that Defendants were not the end distributors of the inventions in their contractual relationship with Plaintiffs but accepted the responsibility to market and sell the inventions to distributors.  In no way does this defeat Plaintiffs' claims but clarifies the factual allegations of a contractual relationship between the parties, which, if proved, forms the basis of Plaintiffs' breach of contract claim.

> 5. *In paragraph 8, inserting the language "through verbal and email communication," and removing the word "marketing" and replacing it with the phrase "later marketing and selling of copies of the inventions to distributors;" Renumbering the paragraph as paragraph 9.*

Once again, these factual clarifications are proposed to clarify the factual allegations of how the Plaintiff and Defendant formed a contract together and to clarify what Defendants' marketing role was in this contractual relationship.  While these amendments are not absolutely necessary to support Plaintiffs claim, if the court grants leave to amend the complaint in other respects, such as the proposed dropping of claims, then Plaintiffs are asking for this change as well to clarify the facts supporting their remaining claims.

> 6. *In paragraph 9, removing the language "on or about May 1, 2009, when Defendants, in breach of the parties' agreement, misappropriated Plaintiffs' inventions and used them for their own benefit," and inserting the language "when Plaintiffs mailed a letter to Defendants Dennis M. Healy, Holly Healy, Sky*

4 – PLAINTIFFS' MOTION TO AMEND COMPLAINT
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204

*Corporation Inc., and RKD Premium Products Inc. terminating Plaintiffs' business relationship with all of these Defendants;" renumbering the paragraph as paragraph 10.*

7. *Inserting into a new paragraph 11 the language: "Later, on or about May 1, 2009, Defendants, in breach of the parties' agreement, continued to market and sell copies of Plaintiffs' inventions by such acts which include, but are not limited to, the selling of copies of Plaintiffs' inventions at a trade show in Hong Kong without providing any compensation to Plaintiffs for these sales."*

These paragraphs are proposed in response to Defendants' allegations in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment that (1) "Plaintiffs assert patent-like state law claims alleging that Defendants "used" and "misappropriated" the door light design without Plaintiffs' authorization" (at page 11); and (2) that Plaintiffs' allegations of breach come right out of § 271(a) and seek no greater protection and remedy that as [sic] afforded by patent law" because Plaintiffs' alleged that Defendants' breached the parties implied contract by 'misappropriat[ing] Plaintiffs' inventions and us[ing] them for their own benefit.'" (Memorandum at 11).  Thus, even though Plaintiff alleges in Plaintiffs' Response to the Motion for Summary Judgment that Plaintiffs' use of words like "used" and misappropriated do not turn Plaintiffs' claim into a disguised patent infringement claim, Plaintiff makes the proposed changes of language in item number 6 above to eliminate these possibly confusing terms and to replace them with further clarifications of the factual events behind Plaintiff's claim.  The language in item 7 is proposed to provide further clarification of how Defendants' actions breached the parties' implied contract, and avoids the inclusion of "used" and "misappropiated," the pleading of which

**5 – PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendant contends turns Plaintiff's breach of contract claim into a patent infringement claim. Thus, Plaintiffs' changes in these paragraphs are made to remedy the issues raised by Defendant, and only make Plaintiffs' claim for breach of contract more valid, not less valid, and certainly do not make Plaintiffs' claims invalid or insufficient.

> 8.  *In paragraph 10, deleting the word "produced" and replacing it with the phrase "sold copies of," and deleting the word "there" and replacing it with the word "their;" renumbering the paragraph as paragraph 12.*

The first proposed change is again a clarification of language which only makes Plaintiffs' claim more clear thus more valid and certainly sufficient. The second proposed change is just a clerical correction.

> 14. *In paragraph 27 (renumbered paragraph 17), deleting the language "that fiduciary duty by misappropriating Plaintiffs' inventions and trade secrets in violation of Defendants' duty" and replacing it with language "their fiduciary duty to Plaintiffs by selling prototypes or produced copies of Plaintiffs' invention and failing to tender to Plaintiffs any portion of the money Defendants received as a result of these sales."*

For the same reasons as outlined in the discussion above regarding Plaintiffs' proposed changes in numbers 6-7, Plaintiffs are also proposing eliminating the use of the word "misappropriating" by providing more precise facts to support Plaintiffs' allegations that Defendants did certain acts in breach of the parties' contract. Once again, these changes and further allegations of fact only make Plaintiffs' claim more valid and more sufficient, not less so. The trade secrets language in this paragraph is proposed to be eliminated pursuant to the overall

elimination of the Trade Secrets Claims.

    *15.    Inserting a new Third Cause of Action (Conversion) in paragraphs 19-22.*

Defendants seem to allege that Plaintiffs' owe some sort of explanation for their statement of fact in the proposed Second Amended Complaint that "Plaintiffs are the owners of the inventions and any prototypes or copies made of those inventions."  At trial, Plaintiffs certainly plan to present evidence to back up these factual allegations.  Defendant is ignoring here, as articulated by Defendant in Defendants' own Response, the applicable standard under *Miller v. Ryko-Sexton, Inc.*:  an amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense**.**"  Plaintiffs have alleged ownership of certain property, that Defendants converted this property, and that Plaintiffs suffered damage as a result of this conversion.  Thus, Plaintiffs have certainly plead facts in the proposed amendment constituting a valid and sufficient claim, and the rest of Defendants' discussion on this issue is thus irrelevant and erroneous.

Plaintiff's first amended complaint can stand on its own as stating facts which, if proven, constitute valid and sufficient claims.  As discussed above, Plaintiffs proposed amendments in Plaintiffs' Motion to Amend only allege and clarify more facts which result in making Plaintiff's claims only more valid and more than sufficient.   Thus, Plaintiffs' proposed amendments are not futile.

    **B.    Plaintiff Did Not Unduly Delay Their Filing of the Motion to Amend**

In the Declaration of Counsel in Support of Plaintiffs' Motion to Amend, Counsel alleged the following:

    *2.    Defendants' counsel and I have had several conversations via email, telephone*

**7 – PLAINTIFFS' MOTION TO AMEND COMPLAINT**

> *and letter about settling this matter. In those discussions, I have offered to drop two of our causes of action, the second, for Violation of the Oregon Trade Secrets Act, and the fourth, a request for a Permanent Injunction under the Oregon Trade Secrets Act, as opposing counsel has brought facts to light, previously unknown to me, that made me doubt the efficacy of our claims under these two causes of action.*

3. *I am proposing to drop these claims as I have done in the proposed Second Amended Complaint, attached to the accompanying motion to File a Second Amended Complaint as Exhibit 1 to simplify the issues in this case.*

4. *Despite several attempts to get opposing counsel's permission to amend the complaint, opposing counsel has not given permission for me to file the amended complaint.*

5. *I have offered to make these changes to opposing counsel as early as May 24, 2010 in an email to opposing counsel, and have informed opposing counsel repeatedly of our intention to drop these claims.*

Exhibits 1 and 2, emails from Plaintiffs' counsel to Defendants' counsel are offered to provide evidence of the communications alleged above. As is shown in these emails, Plaintiffs began discussion of amending the complaint to drop the two trade secrets claims as early as May 24, 2010. In Exhibit 3, Counsel for Defendant rejects this proposal unless Plaintiffs' agree to drop their entire claim and pay what is alleged to be $35,000 of Defendants' incurred attorney fees**.** Plaintiff has been seeking permission to Amend the complaint since at least May 24th in order to at least drop the trade secret claims. It seems that opposing counsel in his email of June

**8 – PLAINTIFFS' MOTION TO AMEND COMPLAINT**
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825

7, Exhibit 3, would rather litigation continue to increase Defendants' claim for attorney fees than give Plaintiffs' permission to amend to drop the two trade secrets claims. Thus, Plaintiff had to file this motion, and thus added other proposed amendments along with Plaintiff's Motion.

As the attached email communications will show, Plaintiffs have in no way unduly delayed seeking their amendment. Furthermore, the only other amendments proposed are small clarifications and corrections of clerical errors which clarify the allegations forming the bases of Plaintiffs' claim for breach of contract, and do not allege new facts requiring additional affidavits. Thus, Plaintiffs' Motion to Amend should not be denied due to Plaintiffs' alleged undue delay.

C. **Plaintiff Appears to Be Seeking to File Their Amendment in Bad Faith**

Defendants allegation that Plaintiffs' proposed Second Amended Complaint is not substantially different and thus filed in bad faith can not be taken seriously, as Plaintiffs propose dropping two claims that Defendant will no longer have to defend against. True, Plaintiff have proposed some other minor additional changes, but overall, Plaintiffs have filed their motion to amend in order to simplify the case by dropping two claims which Plaintiffs now feel are untenable and to make some minor changes to strengthen Plaintiffs remaining claims. This is no way can be interpreted as bad faith.

D. **Plaintiff's Failed to Properly Confer on This Motion**

As is discussed in section B above and in the referenced emails, Exhibits 1-3, Plaintiffs made several attempts to discuss this Motion with opposing counsel by email and by telephone. Thus Defendants allegation that Plaintiff failed to make a good faith effort to confer on this motion is baseless.

**9 – PLAINTIFFS' MOTION TO AMEND COMPLAINT**
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825

### E. Plaintiff's Proposed Claims Should Be Subject to Defendants' Pending Motion for Summary Judgment.

Plaintiffs have already asked the court to take into account Plaintiffs' desire to drop the trade secrets claims in Plaintiffs' Response to Defendants' Motion for Summary Judgment. If the court grants Plaintiffs' Motion to Amend, then Plaintiffs ask that the court allow the parties to amend their briefings on the Summary Judgment Motion in order to more accurately respond to the proposed Second Amended Complaint..

### III. CONCLUSION

Because Plaintiffs' proposed amendments are not futile, Plaintiffs' did not unduly delay their filing the Motion to Amend, Plaintiffs' did not file the motion in bad faith, and Plaintiffs' did properly confer on the motion, Plaintiff's Motion to Amend should be granted. Plaintiff also asks that the court allow the parties to amend their briefings on the Summary Judgment Motion in order to more accurately respond to the proposed Second Amended Complaint..

**DATED** this 30th day in July, 2010.

/s/Cary Novotny
Cary Novotny, OSB #953688
BRINDLE MCCASLIN & LEE. P.C.
101 S.W. Main Street, Suite 950
Portland, Oregon 97204
Telephone: (503) 224-4825
Fax: (503) 228-7924
Of attorneys for Plaintiffs

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on July 30, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael M Ratoza,
Attorney for Defendants DENNIS HEALY, HOLLY HEALY, SKY CORPORATION, LTD., and RKD PREMIUM PRODUCTS
Bullivant Houser Bailey PC
Of Attorneys for Defendants
888 SW 5th Ave Ste 300
Portland, OR  97204

DATED this 30th day of July 30, 2010.

/s/Cary Novotny
Cary C. Novotny, OSB #953688
Email: ccn@bmllaw.net
BRINDLE MCCASLIN & LEE, P.C.
101 SW Main Street Suite 950
Portland, Oregon 97204
Telephone: 503-224-4825
Facsimile: 503-228-7924
Attorneys for Plaintiffs Carson Smith, and SMITHONLY Corporation