IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CARSON SMITH, an individual, and SMITHONLY CORPORATION,**

    Plaintiffs,

v.

**DENNIS HEALY and HOLLY HEALY as individuals; SKY CORPORATION, LTD, an unincorporated business entity; RKD PREMIUM PRODUCTS, INC., an Oregon corporation; KENNETH TANG, an individual; and K'S PREMIUM PRODUCTS COMPANY, an unincorporated business entity,**

    Defendants.

10-CV-72-BR

ORDER

**THEODORE M. BRINDLE**
**CARY COLLIN NOVOTNY**
Brindle McCaslin & Lee, PC
101 S.W. Main Street
Suite 950
Portland, OR 97204
(503) 224-4825

    Attorneys for Plaintiffs

1 - ORDER

**MICHAEL M. RATOZA**
**CHAD M. COLTON**
Bullivant Houser Bailey PC
888 S.W. Fifth Ave., Ste. 300
Portland, OR 97204-2089
(503) 499-4695

        Attorneys for Defendants Dennis Healy; Holly Healy; Sky Corporation, Ltd.; and RKD Premium Products, Inc.

**BROWN, Judge.**

On January 25, 2011, the Court entered an Opinion and Order in which it granted Plaintiffs' Second Motion to Amend Complaint; directed Plaintiffs to file their Second Amended Complaint no later than February 9, 2011; directed Defendants to file any motion for attorneys' fees by February 9, 2011; and advised the parties that at that point, the Court would enter another order remanding the matter to state court for lack of subject-matter jurisdiction.

On February 9, 2011, Plaintiffs filed their Second Amended Complaint.  Plaintiffs' Second Amended Complaint does not contain facts or claims sufficient to provide this Court with either diversity or subject-matter jurisdiction, and this matter now is based solely on claims under state law best adjudicated in an Oregon court.  In addition, the Court concludes efficiency, convenience, fairness, and comity support remand.  *See Hurley v. City of Portland*, No. 09-CV-706-PK, 2009 WL 3379568, at *1 (D. Or. Oct. 20, 2009).  *See also* 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction

2 - ORDER

over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction"); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991)("[I]t is generally preferable for a district court to remand remaining pendent claims to state court."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

Accordingly, the Court **REMANDS** this matter to Multnomah County Circuit Court and retains jurisdiction solely as to whether Defendants are entitled to an award of attorneys' fees.

### CONCLUSION

For these reasons, the Court **REMANDS** this matter to Multnomah County Circuit Court and retains jurisdiction solely as to whether Defendants are entitled to an award of attorneys' fees.

The Court **DIRECTS** Plaintiffs to file any Response to Defendants' Motion (#54) for Attorney Fees by **February 27, 2011**. Defendants shall file any Reply by **March 16, 2011**, and the Court

will take the matter under advisement at that time.

 IT IS SO ORDERED.

 DATED this 10th day of February, 2011.


            /s/ Anna J. Brown

            _____
            ANNA J. BROWN
            United States District Judge

4 - ORDER