IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CARSON SMITH, an individual,                 10-CV-72-BR
and SMITHONLY CORPORATION,

      Plaintiffs,                        OPINION AND ORDER

v.

DENNIS HEALY and HOLLY HEALY
as individuals; SKY
CORPORATION, LTD, an
unincorporated business
entity; and RKD PREMIUM
PRODUCTS, INC., an Oregon
corporation,

      Defendants.


THEODORE M. BRINDLE
CARY COLLIN NOVOTNY
Brindle McCaslin & Lee, PC
101 S.W. Main Street
Suite 950
Portland, OR 97204
(503) 224-4825

      Attorneys for Plaintiffs


1 - OPINION AND ORDER

MICHAEL M. RATOZA
CHAD M. COLTON
Bullivant Houser Bailey PC
888 S.W. Fifth Ave., Ste. 300
Portland, OR 97204-2089
(503) 499-4695

     Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on Defendants' Motion
(#54) for Attorney Fees and Costs.  For the reasons that follow,
the Court **GRANTS in part** and **DENIES in part** Defendants' Motion
and **DIRECTS** Defendants to provide the Court with a detailed
accounting no later than **June 3, 2011,** in accordance with this
Opinion and Order.


## BACKGROUND

     On January 30, 2008, Plaintiffs filed an application with
the United States Patent and Trademark Office (PTO) for a patent
on a door-lock light.  On July 21, 2008, Plaintiffs filed an
application for a trademark with the PTO for the mark LOCK LIGHT
KEY LIGHT for their door-lock light with a first-claimed use on
April 3, 2008.  The PTO has not issued either a patent or a
trademark to Plaintiffs for their product.

     In March 2008 Defendant Dennis Healy met with Plaintiff
Carson Smith.  Smith showed Dennis Healy the door-lock light.  At
some point in 2008, Plaintiffs and Defendants Dennis Healy, Holly

2 - OPINION AND ORDER

Healy, and Sky Corporation agreed Sky Corporation would assist
Plaintiffs in the design, development, manufacture, and sale of
the door-lock light.

In October 2008 Plaintiffs displayed the door-lock light and
distributed a flyer that described the product at the "Hong Kong
Mega Show" trade show.  Plaintiffs also displayed the door-lock
light on their website beginning in October 2008.

In March 2009 Plaintiffs terminated their agreement with Sky
Corporation and their relationship with Defendants.

Plaintiffs allege Defendants continued to market and to sell
the door-lock light on May 1, 2009, and later.

On October 20, 2009, Plaintiffs filed a complaint in
Multnomah County Circuit Court against Defendants alleging claims
for breach of an implied-in-fact contract; violation of Oregon's
Uniform Trade Secrets Act (UTSA), Oregon Revised Statute
§ 646.461, *et seq.*; and breach of fiduciary duty.  Plaintiffs
also sought a preliminary injunction.

On December 18, 2009, Plaintiffs filed an amended complaint
in Multnomah County Circuit Court against Defendants alleging
claims for breach of an implied contract, violation of Oregon's
UTSA, and breach of fiduciary duty.  In their amended complaint,
Plaintiffs sought a permanent injunction.

On January 22, 2010, and with Plaintiffs' stipulated waiver
of the right to object to an untimely removal, Defendants removed

3 - OPINION AND ORDER

the matter to this Court on the ground that Plaintiffs' claims
are preempted by patent law because states "may not offer patent-
like protection to intellectual creations which would otherwise
remain unprotected as a matter of federal law."

On January 29, 2010, Defendants filed an Answer in which
they asserted five Affirmative Defenses as well as a Counterclaim
seeking a declaration that Dennis Healy, Holly Healy, and Sky
Corporation are co-inventors of the door-lock light and door-lock
light design.

On April 13, 2010, Plaintiffs filed a Motion to Remand.  On
April 14, 2010, the Court struck Plaintiffs' Motion because
Plaintiffs failed to comply with Local Rule 7-1.

On April 16, 2010, Defendants filed a Motion for Summary
Judgment.  On April 19, 2010, Plaintiffs filed a renewed Motion
to Remand.

On June 30, 2010, Plaintiffs filed a Motion for Leave to
File a [Second] Amended Complaint.

On October 7, 2010, the Court issued an Opinion and Order
denying Plaintiffs' Motion for Remand, granting Defendants'
Motion for Summary Judgment, and denying as futile Plaintiffs'
Motion for Leave to File [Second] Amended Complaint.

On November 29, 2010, the parties filed a Joint Status
Report in which they advised the Court that Defendants intended
to dismiss their Counterclaim seeking a declaration of co-

ownership of the invention, which would leave only Defendants'
Counterclaim for attorneys' fees in this matter.  Plaintiffs also
indicated they were considering filing a second motion to amend
their Amended Complaint.

On December 6, 2010, the Court entered an Order directing
Defendants to file an appropriate dismissal document as to their
Counterclaim for declaratory judgment and to file any motion for
attorneys' fees by December 13, 2010.

On December 13, 2010, Plaintiffs filed a Second Motion for
Leave to File Amended Complaint.

On December 21, 2010, Defendants filed a Stipulation of
Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii) as to Defendants'
First Counterclaim Only.

On January 26, 2011, the Court entered an Order in which it
granted Plaintiffs' Second Motion for Leave to File Amended
Complaint; directed Plaintiffs to file their Second Amended
Complaint by February 9, 2011; and advised Plaintiffs that the
Court would enter an order remanding the matter to state court
after Plaintiffs filed their Second Amended Complaint.

On February 9, 2011, Plaintiffs filed their Second Amended
Complaint.  Also on February 9, 2011, Defendants filed a Motion
for Attorney Fees and Costs.

On February 10, 2011, the Court entered an Order remanding
this matter to state court on the grounds that Plaintiffs' Second

Amended Complaint did not contain facts or claims sufficient to provide the Court with either diversity or subject-matter jurisdiction and that the matter was based solely on state-law claims that would be best adjudicated in an Oregon court.  The Court retained jurisdiction solely as to whether Defendants are entitled to an award of attorneys' fees.

## STANDARDS

Defendants assert they are entitled to attorneys' fees in this matter pursuant to Oregon Revised Statute § 20.105(1).

The Ninth Circuit has made clear that a federal court sitting in diversity must apply state law when deciding whether to allow attorneys' fees when those fees are "connected to the substance of the case."  *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011)(quotation omitted).  Here the parties agree the attorneys' fees in this matter are "connected to the substance of the case," and, therefore, Oregon law applies.

Oregon Revised Statute § 20.105(1) provides in pertinent part:

> In any civil action . . . the court shall award reasonable attorney fees to a party against whom a claim . . . is asserted, if that party is a prevailing party in the proceeding and . . . upon a finding by the court that . . . there was no objectively reasonable basis for asserting the claim, defense or ground for appeal.

The Oregon Court of Appeals has held when a party has both

6 - OPINION AND ORDER

objectively reasonable claims and claims that are not objectively reasonable, it is error for the court to award attorneys' fees to the prevailing party as to the claims that were objectively reasonable.  *See, e.g., Morasch v. Hood*, 232 Or. App. 392, 406 (2009).

## **DISCUSSION**

Defendants request attorneys' fees related to defending Plaintiffs' claims for breach of an implied contract, violation of Oregon's UTSA, and breach of fiduciary duty pursuant to Oregon Revised Statute § 20.105(1) on the grounds that Defendants were the prevailing party as to these claims and these claims brought by Plaintiff were not objectively reasonable.  Plaintiffs concede Defendants were the prevailing party as to these claims, but contend those claims were not objectively unreasonable.

Under Oregon Revised Statute § 20.105, "a party has no objectively reasonable basis for asserting a claim only if the party's position is 'entirely devoid of legal or factual support at the time it was made.'"  *Dimeo v. Gesik*, 195 Or. App. 362, 371 (2004)(quoting *Mattiza v. Foster*, 311 Or. 1, 8 (1990)).  "A position is objectively unreasonable if it is not supported by the law as applied to the facts."  *Lenn v. Bottem*, 221 Or. App. 241, 248 (2008)(quotation omitted).  "The fact that a claim is ultimately unsuccessful does not necessarily mean that the

party's position was objectively unreasonable."  *Morasch*, 232 Or.

App. at 404.

**I.    Plaintiffs' claim for breach of contract**

In its October 7, 2010, Opinion and Order, the Court

concluded Plaintiffs' claim for breach of contract was preempted

by patent law because in that claim Plaintiffs sought "patent-

like" remedies.  The Court, therefore, concluded removal of the

matter to this Court was proper, but Defendants were entitled to

summary judgment as to Plaintiffs' claim for breach of contract.

The Court denied Plaintiffs' Motion for Leave to File [Second]

Amended Complaint to add additional factual allegations to

support their claim for breach of contract on the ground that

amendment would be futile because even with the proposed

amendments, Plaintiffs would continue to seek patent-like relief.

Even though the Court concluded Plaintiffs' claim for breach

of contract was preempted by patent law and granted Defendants'

Motion for Summary Judgment as to that claim, that fact, as

noted, does not necessarily mean Plaintiffs' position was

objectively unreasonable.  In reaching its conclusions and

granting Defendants summary judgment as to this claim, the Court

engaged in nearly 16 pages of substantive evaluation including

analysis of several cases from the Supreme Court and the Federal

Circuit.  In other words, the question whether Plaintiffs' claim

for breach of contract was preempted by patent law was far from

clear.

On this record the Court concludes Plaintiffs' claim for breach of contract was not objectively unreasonable because it was not "entirely devoid of legal or factual support" at the time Plaintiffs made that claim.  Accordingly, the Court declines to award attorneys' fees to Defendants arising from Plaintiffs' claim for breach of contract.

## II.  Plaintiffs' claim for violation of Oregon's UTSA.

In its October 7, 2010, Opinion and Order, the Court granted Defendants' Motion for Summary Judgment as to Plaintiffs' claim for violation of Oregon's UTSA on the ground that Plaintiffs' invention was not a trade secret because Plaintiffs publicly disclosed their invention in their July 2008 trademark filing, on their website as early as October 2008, and at the Hong Kong Mega Show in October.

In their Response to Defendants' Motion for Summary Judgment, Plaintiffs conceded they displayed their invention on their website and at the Hong Kong Mega Show over a year before they filed their action alleging a claim for violation of Oregon's UTSA.  In Plaintiffs' Response to Defendants' Motion for Attorney Fees and Costs, Plaintiffs assert only that Plaintiffs' counsel "was not aware at the time the . . . complaint was filed . . . that Plaintiffs had in fact published a photo of the lock light invention as part of a trademark filing."

9 - OPINION AND ORDER

On this record the Court concludes Plaintiffs' claim for
violation of Oregon's UTSA was objectively unreasonable at the
time the claim was made.  Even though their counsel was not fully
informed, Plaintiffs were well aware they had published their
invention over a year before they filed this action, and,
therefore, their invention was not a "secret" at the time
Plaintiffs brought this claim.  Accordingly, the Court concludes
it was objectively unreasonable for Plaintiffs to bring the claim
for violation of Oregon's UTSA, and, therefore, the Court grants
Defendants' Motion for Attorney Fees and Costs as to that claim.

**III. Plaintiffs' claim for breach of fiduciary duty.**

In its October 7, 2010, Opinion and Order, the Court granted
Defendants' Motion for Summary Judgment as to Plaintiffs' claim
for breach of fiduciary duty on the ground that this claim was
based on actions allegedly taken by Defendants after March 2009
and Plaintiffs did not establish the parties' relationship,
fiduciary or otherwise, continued past March 2009.  The Court
also denied Plaintiffs' Motion for leave to amend their claim for
breach of fiduciary duty as futile because Plaintiffs'
allegations supporting this claim all involved actions of
Defendants that occurred after March 2009.

On this record the Court concludes Plaintiffs' claim for
breach of fiduciary duty was objectively unreasonable when
Plaintiffs brought it nearly six months after the parties

terminated their relationship because it was not supported by the
law as applied to the facts.  Accordingly, the Court grants
Defendants' Motion for Attorney Fees and Costs as to Plaintiffs'
claim for breach of fiduciary duty.

In summary, the Court concludes Plaintiffs' claim for breach
of contract was not objectively unreasonable, and, therefore,
Defendants are not entitled to attorneys' fees as to that claim.
Plaintiffs' claims for violation of the UTSA and breach of
fiduciary duty, however, were objectively unreasonable, and,
therefore, Defendants are entitled to attorneys' fees as to those
claims pursuant to Oregon Revised Statute § 20.105(1).

The Court notes Defendants did not distinguish in their
Motion for Attorneys' Fees or supporting documentation the time
spent on each of Plaintiffs' individual claims.  The Court,
therefore, is unable to discern on this record the time defense
counsel spent specifically on Plaintiffs' claims for violation of
Oregon's UTSA or for breach of fiduciary duty.  Accordingly, the
Court **DIRECTS** Defendants to provide no later than **June 3, 2011**, a
detailed accounting limited to the time they spent on Plaintiffs'
claims for violation of Oregon's UTSA and breach of fiduciary
duty together with supporting documentation.  Defendants also
should delete any time entries representing work they would have
had to perform in connection with defending the breach-of-
contract claim.  Any objections to Defendants' accounting limited

11 - OPINION AND ORDER

to these two claims shall be filed no later than **June 10, 2011,**
when the Court will again take this matter under advisement.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in
part** Defendants' Motion (#54) for Attorney Fees and Costs and
**DIRECTS** Defendants to provide a detailed accounting limited to
the time they spent on Plaintiffs' claims for violation of
Oregon's UTSA and breach of fiduciary duty together with
supporting documentation no later than **June 3, 2011.**  Any
objections to Defendants' accounting limited to these two claims
shall be filed no later than **June 10, 2011.**  No reply will be
permitted.

IT IS SO ORDERED.

DATED this 23rd day of May, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District