IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CARSON SMITH, an individual,                    3:10-CV-00072-BR
and SMITHONLY CORPORATION,

            Plaintiffs,                         OPINION AND ORDER

v.

DENNIS HEALY and HOLLY HEALY
as individuals; SKY
CORPORATION, LTD, an
unincorporated business
entity; and RKD PREMIUM
PRODUCTS, INC., an Oregon
corporation,

            Defendants.


THEODORE M. BRINDLE
CARY COLLIN NOVOTNY
Brindle McCaslin & Lee, PC
101 S.W. Main Street
Suite 950
Portland, OR 97204
(503) 224-4825

            Attorneys for Plaintiffs

**MICHAEL M. RATOZA**
**CHAD M. COLTON**
Bullivant Houser Bailey PC
888 S.W. Fifth Ave., Ste. 300
Portland, OR 97204-2089
(503) 499-4695

     Attorneys for Defendants

**BROWN, Judge.**

     On May 24, 2011, the Court issued an Opinion and Order in which the Court granted Defendants' Motion for Attorney Fees as to Plaintiffs' claims for breach of fiduciary duty and violation of Oregon's Uniform Trade Secrets Act (USTA), Oregon Revised Statute § 646.461.  The Court also denied Defendants' Motion for Attorney Fees as to Plaintiffs' claim for breach of an implied-in-fact contract on the ground that the breach-of-contract claim was preempted by federal patent law.  The Court directed Defendants to provide a detailed accounting limited to the time they spent on Plaintiffs' claims for breach of fiduciary duty and violation of Oregon's USTA.  On June 10, 2011, Defendants provided the Court with a detailed accounting.

     For the reasons that follow, the Court awards attorneys' fees to Defendants in the amount of **$46,070**.  The Court also awards costs to Defendants in the amount of **$350.**

2 - OPINION AND ORDER

## DEFENDANTS' ATTORNEYS' FEES

**I.    Standards**

Defendants seek attorneys' fees pursuant to Oregon Revised Statute § 20.105(1).  The parties agree Oregon law governs the calculation of an award for attorneys' fees as to the allowable claims.

When determining the amount of an award for attorneys' fees, Oregon Revised Statute § 20.075(2) directs the Court to consider:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

> (c) The fee customarily charged in the locality for similar legal services.

> (d) The amount involved in the controversy and the results obtained.

> (e) The time limitations imposed by the client or the circumstances of the case.

> (f) The nature and length of the attorney's professional relationship with the client.

> (g) The experience, reputation and ability of the attorney performing the services.

> (h) Whether the fee of the attorney is fixed or contingent.

**II. Analysis**

Plaintiffs seek $48,451.91 in attorneys' fees.  Plaintiffs

3 - OPINION AND ORDER

do not point to any evidence in the record related to factors
(a), (b), (e), (f), or (h).  Accordingly, the Court addresses
only factors (a), (c), (d), and (g).

     **A.   Results obtained.**

     As noted Plaintiffs brought claims for breach of an
implied-in-fact contract, violation of Oregon's UTSA, and breach
of fiduciary duty.  The Court concluded in its May 24, 2011,
Opinion and Order that it was objectively unreasonable for
Plaintiffs to bring claims for breach of fiduciary duty and
violation of Oregon's UTSA.  Defendants, therefore, achieved
complete success as to those claims.

     **B.   The attorneys' fees customarily charged in the locality
for similar legal services and the experience,
reputation, and ability of the attorneys performing the
services.**

     Plaintiffs seek attorneys' fees of $48,451.91 for 132.9
hours of work performed by two attorneys:  Michael Ratoza and
Chad Colton.

     **1.   Hourly rates for attorneys.**

     Defendants seek attorneys' fees at an hourly rate
for Michael Ratoza of $425 and for Chad Colton of $225.
Plaintiffs do not object to Defendants' requested hourly rates.
Nevertheless, the Court has an independent duty to review a
motion for attorneys' fees for reasonableness. *Gates v.
Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). *See also Cruz*

*v. Alhambra Sch. Dist.*, 282 F. App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2007 (Oregon 2007 Survey) as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

Over the course of this action, Michael Ratoza had over 30 years of experience practicing intellectual property (IP) law and requests $425 per hour.  Ratoza testifies in his Declaration that he has extensive experience litigating IP cases in federal courts in five states, Martindale-Hubbell rated him as one of Oregon's premier IP lawyers in 2010, and he was selected for inclusion in The Best Lawyers in America in IP law in 2011. Decl. of Michael Ratoza at ¶ 10.  According to the Oregon 2007 Survey, Portland attorneys with Ratoza's level of experience in the 95th percentile bill at an average hourly rate of $461.  The Court, therefore, concludes the requested rate of $425 per hour is a reasonable rate for Ratoza's services.

Chad Colton had over four years of experience during the course of his work in this matter and requests $220

per hour.  Ratoza testifies in his Declaration that Colton
practices commercial and IP litigation, has substantial trial and
courtroom experience, has represented large companies on IP
cases, and was named a "rising star" in the 2009 and 2010
editions of *Oregon Super Lawyers*.  Ratoza Decl. at ¶ 11.
According to the Oregon 2007 Survey, Portland attorneys with
Colton's level of experience bill at an average hourly rate of
$188.  The 75th percentile of Portland attorneys with his level
of experience bill at an average hourly rate of $210.  Adjusting
for inflation, the Court adds annual inflation factors based on
the Consumer Price Index for years 2008-2011 to the appropriate
Oregon State Bar Survey hourly rate.  Based on these
calculations, the Court concludes $225 per hour is a reasonable
rate for the services of Colton adjusted for inflation.

### 2.   Specific time entries

As noted, Defendants seek attorneys' fees for
132.9 hours of work.  Plaintiffs object to a number of entries on
the ground that they do not pertain to Plaintiffs' claims for
breach of fiduciary duty and violation of Oregon's USTA.

### a.   December 29, 2009

Plaintiffs object to inclusion of .8 hours of
Ratoza's time to prepare "communication to attorney Mark M.
Hubert re signed non-disclosure agreement," to "review and
response and forward same to client," and to "review client's

6 - OPINION AND ORDER

response and answer same" on the grounds that this entry did not indicate or reference work performed on either a general review of the entire case or make any reference to whether the work was performed on either of the allowable claims.  The Court agrees and disallows this time.

### b.    January 14, 2010

Plaintiffs object to inclusion of .6 hours of Ratoza's time for "conference with associate C. Colton re preparation of notice of removal and issue analysis" on the ground that the sole issue justifying removal in this matter was that Plaintiffs' breach-of-contract claim was preempted by federal patent law.  According to Plaintiffs, therefore, any time spent by Defendants on the notice of removal did not involve work on the allowable claims.  The Court agrees and disallows this time.

### c.    January 25, 2010

Plaintiffs object to inclusion of Ratoza's time[1] for the portion of the entry that refers to "review notice of removal filing" for the same reason that Plaintiffs objected to the January 14, 2010, entry.  The Court agrees and disallows .2 hours of Ratoza's time.

---

[1] Plaintiffs object to .6 hours of Ratoza's time, but the portion of the entry to which Plaintiffs object is only .2 hours.

      d.   **April 29, 2010**

           Plaintiffs object to inclusion of 1.1 hours of Colton's time for "[o]verview of potential settlement negotiations and draft motion to postpone deadlines to respond to motion to remand in light of same."  Plaintiffs point out that the sole issue justifying removal was federal patent-law preemption of Plaintiffs' breach-of-contract claim and Plaintiffs' Motion to Remand was based solely on Plaintiffs' theory that their breach-of-contract claim was not preempted. Accordingly, any time Defendants spent on defending Plaintiffs' Motion to Remand did not involve work on the allowable claims.

           In addition, Plaintiffs note the entry does not separately indicate time spent on the portion of the entry relating to the Motion to Remand and the portion relating to overview of settlement negotiations, and, therefore, the Court should disallow the entire entry.  The Court agrees with Plaintiffs' contention relating to the Motion to Remand and acknowledges there is not any meaningful way for the Court to discern the portion of Colton's time spent on disallowed matters as opposed to allowed claims.  Accordingly, the Court disallows 1.1 hours of Colton's time.

      e.   **April 30, 2010**

           Plaintiffs object to inclusion of .1 hours of Colton's time for "finaliz[ing] motion to postpone deadlines to

8 - OPINION AND ORDER

respond to motion to remand" for the same reasons noted above
relating to Plaintiffs' Motion to Remand.  The Court agrees and
disallows .1 hours of Colton's time.

**f.    May 4, 2010**

Plaintiffs object to inclusion of .2 hours of
Colton's time for "[p]hone calls with court clerk re extension of
deadlines to submit responses to motion to remand" because the
Motion to Remand did not involve allowed claims and because the
entry does not separately indicate the time spent on the portion
of the entry relating to the Motion to Remand and the portion
relating to the Motion for Summary Judgment.  Plaintiffs contend
the Court, therefore, should disallow the entire entry.

The Court agrees with Plaintiffs' contention
relating to the Motion to Remand and acknowledges there is not
any meaningful way for the Court to discern the portion of
Colton's time spent on disallowed matters as opposed to allowed
claims.  Accordingly, the Court disallows .2 hours of Colton's
time.

**g.    July 6, 2010**

Plaintiffs object to inclusion of .2 hours of
Colton's time to "[c]onsider additional arguments to include in
response to motion to amend" on the ground that Plaintiffs'
Motion to Amend sought to withdraw Plaintiffs' claims for breach
of fiduciary duty and violation of the Oregon USTA and to add

9 - OPINION AND ORDER

claims for breach of contract. Defendants' Response to
Plaintiffs' Motion, however, addressed only Plaintiffs' request
to add claims for breach of contract and did not address either
of the allowable claims. The Court agrees and disallows .2 hours
of Colton's time.

### h.    July 14, 2010

Plaintiffs object to inclusion of one hour of
Colton's time to "[c]ontinue drafting response to motion to
amend" for the same reason that Plaintiffs objected to the
July 6, 2010, entry. The Court agrees and disallows one hour of
Colton's time.

### 3.    Percentage reduction of all entries.

Plaintiffs also move for a reduction of 50% for
all of Defendants' requested time on the ground that "Defendants'
proposed method of reducing the time in general entries to
eliminate time associated with the disallowed breach of contract
claim is random, and not a good mathematical or consistent
formula for allocating time between the two claims for which
attorney fees are allowable and time for the breach of contract
claim which is not allowable." In his Declaration, however,
Ratoza testifies he

> reviewed each time entry and matched the time
> entry against the actual file document created in
> reference to the particular time entry. . . . The
> examined file documents consist of copies of the
> pleadings filed in behalf of Defendants, copies of
> non-filed drafts of pleadings, non-filed legal

> memos, legal research, drafts of letters and
> e-mails to the Defendant and to Plaintiffs'
> counsel, and copies of letters and e-mails to
> Defendant and to Plaintiffs' counsel.

Ratoza Decl. at ¶ 4.  Thus, the record reflects Defendants'

reduction of time to comply with the Court's Order was not random

or inconsistent and Defendants examined all of counsel's time

entries, compared them to various contemporaneous or related

documents, and reduced counsel's hours accordingly.

On this record the Court declines to reduce

Defendants' requested hours by 50% or by any other across-the-

board amount.

Accordingly, after the above deductions, the Court

reduces the total number of hours requested by Defendants by 4.5

hours and awards attorneys' fees to Defendants in the amount of

**$46,070.**


### DEFENDANTS' COSTS

Defendants request costs in this matter of $350 comprised of

the filing fee.  Plaintiffs do not object to Defendants' costs.

**I.    Standards**

Absent a showing of circumstances not relevant here, an

award of costs is governed by federal law.  *See Champion Produce,*

*Inc. v. Ruby Robinson Co., Inc*., 342 F.3d 1016, 1022 (9th Cir.

2003).


11 - OPINION AND ORDER

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).

## II.  Analysis

As noted, Plaintiffs did not object to Defendants' requested costs, and filing fees are costs contemplated under § 1920.  The Court, therefore, awards Defendants their requested costs in the amount of **$350.**

12 - OPINION AND ORDER

**<u>CONCLUSION</u>**

For these reasons, the Court awards attorneys' fees to Defendants in the amount of **$46,070**, and awards costs to Defendants in the amount of **$350**.

IT IS SO ORDERED.

DATED this 14th day of July, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District

13 - OPINION AND ORDER